WALTER H. SHERMAN, Respondent, *v.* JULIUS ROBERTSON, Appellant.

*Action brought to recover for an alleged conversion — property delivered as collateral — evidence.*

Upon the trial of an action brought to recover for the alleged conversion of a quantity of leather, the plaintiff claimed that the leather in question was deposited with the defendant as collateral security for certain renewal commercial paper only, while the defendant claimed that the property was delivered to him as security both for the renewal paper and also for a further indebtedness of the plaintiff to him.

The evidence fairly justified the conclusion that the property when delivered was delivered as collateral security for the payment of the renewal commercial paper only. Shortly after the leather was sent to the defendant, he, in a letter written in acknowledgment of the receipt of the bill of lading, stated that he would take due care of the property delivered as collateral "until pending obligations have been met by you."

*Held*, that such expression did not conclude the plaintiff from asserting a right to the return of the property after the payment of such renewal paper only, and that whether or not the security furnished by the leather extended beyond the renewal notes was a question of fact for the jury.

It was also shown upon the trial that, in the beginning of the negotiation for the renewal of the maturing notes, an employee of the plaintiff called upon the defendant, and had an interview with him upon the subject, as he had been instructed by his employer to do, and there was evidence to the effect that the defendant then made to such employee a proposition as to the terms and conditions upon which a renewal of the notes would be granted, and requested him to submit the proposition by letter to his employer, and by it request his employer to wire the defendant, whether or not he accepted it. The employee wrote a letter which was followed by a telegram from the employer accepting the proposition.

*Held*, that the letter, abstractly considered, was not competent as evidence, but, in view of the fact that it appeared to state the proposition as made by the defendant, and was sent at his request and acted upon by acceptance, it was competent evidence, in connection with proof that it contained the proposition as made by the defendant, tending to prove the proposition which the plaintiff accepted by his telegram.

APPEAL by the defendant, Julius Robertson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 4th day of October, 1894, upon the verdict of a jury rendered after a trial at the Monroe Circuit, and also from an order entered in said clerk's office on the 2d day of October, 1894, denying the defendant's motion for a new trial.

*Frank M. Goff*, for the appellant.

*H. L. Bennett,* for the respondent.

BRADLEY, J. :

The action was brought to recover for the alleged conversion of a quantity of leather which the plaintiff and John M. Sherman, then constituting the firm of Sherman & Sherman, had placed in the hands of the defendant as collateral security for some indebtedness to him. The main controversy has relation to the extent of the security for which the leather was deposited with the defendant. The evidence on the part of the plaintiff tends to prove that it was solely as security for the payment of two notes of his firm of date July 26, 1893, for equal sums due at one and two months amounting to $551.50, while, on the part of the defendant, it is claimed that the leather was delivered to and held by him as security for the payment of those notes, and a further indebtedness of the plaintiff's firm to him existing in account and amounting to $244.25.

The purpose for which the leather was delivered to and taken by the defendant, as shown by the arrangement between him and the plaintiff's firm, rests mainly in written correspondence. The occasion for the security arose when they desired renewal of their note about to mature. This the defendant consented to do on condition that they furnished the collateral.

The two notes before referred to and the deposit of the leather were the result of that arrangement. And the correspondence in the outset and when the leather was sent to the defendant, fairly justifies the conclusion that it was delivered as collateral security for the payment of the renewed paper only. Shortly after the leather was sent to the defendant, he, in acknowledgment of the receipt of the bill of lading, inserted in his letter the expression that he would take due care of the property for the plaintiff's firm " until pending obligations have been met by you." It is urged that such expression shows that the leather was received by the defendant as security for the payment of the account as well as the notes, and that it concluded the plaintiff from asserting any right to the return of the property until payment of it was made. The most that the evidence permits to be said in that respect is that whether or not the security furnished by the leather extended beyond the renewed notes, was a question of fact for the jury. The notes were paid, and thereupon the plaintiff, who had become the sole owner of it, demanded the pos-

session of the property of the defendant. The defendant insisted upon the payment of the account as a condition precedent, and refused, until its performance, to return the property to the plaintiff. The questions of fact were fairly submitted to the jury, and its verdict is supported by the evidence.

In the outset of the negotiation for the renewal of the maturing notes before mentioned, one Martin, who was in the service of the Sherman firm as salesman, called upon the defendant and had an interview with him on the subject as he had been requested and instructed by the firm to do. There is evidence to the effect that the defendant then made to Martin a proposition as to the terms and conditions upon which a renewal of the notes would be granted, and requested Martin to submit the proposition by letter to his firm, and by it request Sherman & Sherman to wire him, defendant, whether or not they accepted it. Martin wrote the letter, which was followed by a telegram from them accepting the proposition. The letter, abstractly considered, was not competent as evidence, but in view of the fact that it appears to have stated the proposition as made by the defendant, and was sent at his request by Martin and acted upon by acceptance, the letter, in connection with evidence of the fact that it contained the proposition as made by the defendant, was competent as tending to prove the proposition which Sherman & Sherman by the telegram accepted.

It appears that some time before the commencement of the action the plaintiff wrote the defendant that he had made a deposit of the amount of the account subject to the order of the defendant when the property should be received, examined and found to be in good condition. This letter was received in evidence without objection, and to the testimony of a witness to the fact that the money had been so deposited, the only specific ground of objection made was that it was not the best evidence. Neither the letter nor this evidence had any apparent materiality upon the issues on trial. But the objection specifically taken was not tenable.

There was no error in the rulings at the trial to the prejudice of the defendant.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and WARD, JJ., concurred.

Judgment and order affirmed.